UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOUGLAS R. SOLTYSIAK,

    Plaintiff,

v.

UNUM PROVIDENT CORPORATION/
THE PAUL REVERE COMPANY,

    Defendant.
_____/

File No. 2:05-CV-148

HON. ROBERT HOLMES BELL

**OPINION**

In this action governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 29 U.S.C. § 1001 *et seq.*, this Court previously reversed Defendant UNUM Provident Corporation's denial of disability benefits to Plaintiff Douglas R. Soltysiak and ordered Defendant to conduct a full and fair review of Plaintiff's disability claim. (Docket # 24). This matter is currently before the Court on Plaintiff's motion for costs and attorney fees. Defendant opposes the motion based upon its contentions that it is untimely, Plaintiff was not a "prevailing party," and Plaintiff cannot satisfy the *King* factors. For the reasons that follow Plaintiff's motion for costs and attorney fees will be granted.

**I.**

Claims for attorney fees are required to be filed "no later than 14 days after entry of judgment." FED. R. CIV. P. 54(d)(2). Defendant contends that Plaintiff's motion for costs and

attorney fees was not timely because the order reversing Defendant's denial of benefits was entered on October 10, 2006, and Plaintiff did not file his motion until October 25, 2006. Plaintiff asserts in its letter reply brief that by virtue of the time computation provisions of Rule 6(e) and Local Rule 5.7(h)(v), its deadline for filing the motion was extended by eight days to November 1, 2006.

Contrary to Plaintiff's assertions, Plaintiff is not entitled to exclude weekends from its time computations because the time period for acting was not less than eleven days. *See* FED. R. CIV. P. 6(a). Neither is Plaintiff entitled to an additional three days under Rule 6(e) because Rule 6(e) only applies when the party must act within a prescribed period "after service." Rule 54(d)(2) measures the time for acting from the date of entry rather than from the date of service. FED. R. CIV. P. 54(d)(2). *See also FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 681-82 (6th Cir. 1999) (holding that Rule 6(e) is inapplicable to Rule 59(e) motions because time for filing 59(e) motions is measured from date of entry of judgment, not from date of service). Finally, Plaintiff is not entitled to an additional three days under Local Rule 5.7(h)(v) because this rule explicitly references Rule 6(e), and, like Rule 6(e), only applies to the computation of time periods measured from the time of service.

Plaintiff filed its motion for costs and attorney fees one day late. Where, as here, a party does not make application for attorney fees within fourteen days of the entry of judgment or request an enlargement of time with that fourteen-day period, the court may permit a late filing only if the delay was the result of "excusable neglect." FED. R. CIV. P.

2

6(b)(2). *See also Allen v. Murph*, 194 F.3d 722, 723-24 (6th Cir. 1999). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Whether conduct qualifies as "excusable neglect" under Rule 6(e) is an equitable determination that should take into account all of the relevant circumstances, including the danger of prejudice, the length of the delay, the reason for the delay, and whether the movant acted in good faith. *Id.* at 395.

In this case Plaintiff missed the deadline by only one day. Defendant has not been prejudiced by the delay. It appears that Plaintiff erroneously believed that it was entitled to additional time for filing its motion. There is nothing in this record to suggest that Plaintiff has acted in anything other than good faith. The Court is satisfied that Plaintiff's failure to timely file its motion for attorney fees is the result of excusable neglect and that an extension of time under Rule 6(b) is warranted. Accordingly, the Court will consider the merits of Plaintiff's motion for costs and attorneys fees.

## II.

Defendant contends that Plaintiff cannot base a claim for attorney fees on the October 10, 2006, opinion and order because he only obtained a remand, rather than a judgment awarding him benefits and was therefore not a prevailing party.

The ERISA attorney fee provision does not limit its application to "prevailing" parties. It merely provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Section 1132(g) "confers broad discretion on a district court in making the award of attorney's fees." *Sec'y of Dept. of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985). Nevertheless, the Sixth Circuit has noted that it would be "an abuse of discretion for the district court to award attorney's fees to a losing party." *Cattin v. General Motors Corp.*, 955 F.2d 416, 427 (6th Cir. 1992) (quoting *Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820, 829 (7th Cir. 1984)). *See also Webb v. Cariten Ins. Co.*, 2006 WL 1976176, *4 (6th Cir. 2006) (holding that award of attorney fees to loser was abuse of discretion). Accordingly, some degree of success on the merits is generally required before a party is eligible for an award of attorney fees. *See Ruckelshaus v. Sierra Club*, 463 U.S. 680, 682 (1983) (holding that a plaintiff must achieve "some success on the merits" to be eligible for fees under the Clean Air Act); *Cattin*, 955 F.2d at 427 (noting with approval the Seventh Circuit's application of *Ruckelshaus* in an ERISA case). Nevertheless, there is no requirement that a party prevail entirely in order to be eligible for attorney fees. *Douglas v. Evans Industries, Inc.*, 184 F. Supp. 2d 636, 639 (E.D. Mich. 2001) (plaintiff was prevailing party entitled to fees even though she obtained judgment for less than amount sought).

In *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 990 F. Supp. 1039 (N.D. Ill. 1998), *vacated on other grounds*, 195 F.3d 975 (7th Cir. 1999), the

district court held that an ERISA claimant who merely had her claim remanded rather than having benefits awarded was a prevailing party who was entitled to attorney fees. *Id.* at 1041. The court reasoned that, while the claimant did not receive the greatest relief possible, she was awarded a direct benefit – a new and procedurally proper assessment of her claim for disability benefits. *Id*.

In *Quinn v. Blue Cross and Blue Shield Ass'n*, 161 F.3d 472 (7th Cir. 1998), the Seventh Circuit declined to award attorney fees to an ERISA claimant who obtained a remand, not because it disagreed with *Perlman*, but because in *Quinn* the court was not convinced that the Plan's position was "totally lacking in justification" and there was no evidence that the Plan "acted in bad faith." *Id.* at 478-79.

Plaintiff in this case, like the plaintiff in *Perlman*, did obtain a significant degree of success on the merits of his claim. Plaintiff obtained a reversal of Defendant's denial of benefits and an order requiring Defendant to conduct a full and fair review of Plaintiff's disability claim. Moreover, here, as in *Perlman*, there were serious flaws in the Plan's decision-making process, and, in contrast to *Quinn*, there was evidence of bad faith and a lack of substantial justification for the Plan's position. As this Court noted in its prior opinion, Plaintiff did not receive a final decision within the prescribed time period. Moreover, when he did receive a final decision, it was not based on substantial evidence. "The review was cursory, conclusive, speculative, and unresponsive to the claims made."

5

(10/10/06 Op. at 13). The Court is satisfied that the facts of this case are sufficient to permit the Court to base an award of attorney fees on the October 10, 2006, opinion and order.

### III.

In exercising its discretion in determining whether to allow reasonable attorney fees, the court considers the following five factors outlined in *Secretary of Department of Labor v. King*, 775 F.2d 666 (6th Cir. 1985):

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Moon v. UNUM Provident Corp.*, 461 F.3d 639, 642-43 (6th Cir. 2006) (citing *First Trust Corp. v. Bryant*, 410 F.3d 842, 851 (6th Cir. 2005). No single factor is determinative. *Id.* (citing *Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998)).

As noted above, Defendant was not in substantial compliance with the deadlines outlined in the ERISA regulations. No final decision was made on Plaintiff's May 2003 claim until December 2004. Despite the length of time this claim was under review, Defendant merely subjected Plaintiff's claim to a cursory file review by the doctor who previously found Plaintiff not disabled and by another doctor on Defendant's staff. These doctors rejected the opinions of Plaintiff's treating physicians despite the lack of any evidence to the contrary, they made credibility determinations regarding Plaintiff's description of his disability without the benefit of seeing him, and they improperly suggested that Plaintiff's

aggressive pursuit of his disability claim was evidence that he was not disabled. Defendant's rejection of Plaintiff's disability claim under these circumstances was not merely arbitrary and capricious. The evidence suggests that Defendant acted culpably and in bad faith.

The second and third factors also weigh in Plaintiff's favor. Defendant's ability to satisfy an award of attorney fees in not in dispute. Moreover, an award of attorney fees could have a deterrent effect on this and other plans from such untimely and cursory claim reviews. Because Plaintiff did not seek to confer a common benefit on other ERISA beneficiaries or to resolve significant legal questions regarding ERISA through this action, the fourth factor does not weigh in favor of either party. The fifth factor, which considers the relative merits of the parties' positions, weighs in Plaintiff's favor. Plaintiff obtained a reversal of Defendant's denial of his claim.

Upon review of all of the *King* factors the Court is satisfied that allowing Plaintiff reasonable attorney fees in this case is appropriate.

## IV.

Plaintiff has requested attorney fees and costs in the amount of $34,874.00. Although Defendant has objected to an award of attorney fees in this case, Defendant has not raised any specific objections to the amount of fees requested. The Court, nevertheless, has an independent obligation to consider the reasonableness of the fees requested.

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids

7

producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). The starting point for determining a reasonable fee is to multiply the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate (the "lodestar" calculation). *Jordan v. City of Cleveland*, 464 F.3d 584, 602 (6th Cir. 2006). The party seeking attorney fees bears the burden of documenting his entitlement to the award with "evidence supporting the hours worked and rates claimed." *Reed v. Rhodes,* 179 F.3d 453, 472 (6th Cir. 1999) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

In support of his request for attorney fees Plaintiff has presented the affidavits and time records of his attorneys, Troy W. Haney and Michael E. Quiat. These records reflect the following time expenditures: 21.1 hours by Haney; 52.76 hours by Quiat; and 65.06 hours by Quiat's paralegal. After reviewing the time records, the Court is satisfied that the time is adequately documented and that the time expended was reasonable.

The next step in calculating a reasonable attorney fee is to determine a reasonable hourly rate. "[H]ourly rates for fee awards should not exceed the market rates necessary to encourage competent lawyers to undertake the representation in question." *Reed*, 179 F.3d at 472 (quoting *Coulter v. State of Tenn.*, 805 F.2d 146, 149 (6th Cir. 1986)).

Plaintiff has requested compensation at the rate of $350 per hour for counsel and $125 per hour for the paralegal. Haney has been a practicing attorney for fourteen years and Quiat has been a practicing attorney for twenty-five years. Both attorneys are AV rated by

8

Martindale Hubbell. Apart from a conclusory statement in Mr. Quiat's affidavit, Plaintiff has not offered any evidence that $350 is a reasonable and customary hourly rate for professionals in this area of the law.

The attorneys' affidavits, standing alone, are not sufficient to satisfy this Court that the rates are reasonable. *Blum*, 465 U.S. at 896 n. 11 (noting that fee applicant has burden to produce evidence in addition to attorney's own affidavit that requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation). The Court has accordingly looked to other sources for guidance on the prevailing market rate. According to the 2003 *Economics of Law Practice* survey issued by the State Bar of Michigan, Michigan attorneys with twenty to twenty-nine years in practice charge an average hourly rate of $188, and attorneys with ten to fourteen years in practice charge an average hourly rate of $170. In a recent ERISA case this Court authorized fees at the rate of $280 per hour for attorneys and $100 per hour for law clerks. *Moon v. UNUM Provident* Corporation, 1:02-CV-683. The Court concludes that the rates requested by Plaintiff in this case are excessive and that the rates allowed in *Moon* are more reasonable. The Court will accordingly reduce the rates to $280 per hour for the attorneys and $100 for the paralegal. Applying these rates, the total fees come to $27,186.80 (21.1 x $280 + 52.76 x $280 + 65.06 x $100). Together with costs in the amount of $250, the total award comes to $27,436.80.

9

An order consistent with this opinion will be entered.


Date:     March 27, 2007            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE