UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOUGLAS R. SOLTYSIAK,

    Plaintiff,

v.

UNUM PROVIDENT CORPORATION/
THE PAUL REVERE COMPANY,

    Defendant.
_____/

File No. 2:05-CV-148
File No. 2:07-CV-116

HON. ROBERT HOLMES BELL

**O P I N I O N**

This action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, is before the Court on Plaintiff's motion for judgment on the pleadings and/or for summary judgment. For the reasons that follow the motion will be granted.

**I.**

Plaintiff Douglas R. Soltysiak, a licensed doctor of internal medicine, has been insured since January 1993 under a disability insurance policy issued by Defendant UNUMProvident Corporation ("UNUM"). In June 1995 Plaintiff filed a claim for disability benefits, alleging that he was disabled from the practice of medicine since May 1995 due to a major depression that prevented him from performing the duties of his occupation as a physician. UNUM paid him disability benefits from 1995 to 2000. In 2000 UNUM

determined that Plaintiff was no longer disabled and terminated his disability benefits. On appeal this Court upheld UNUM's determination that Plaintiff was no longer disabled. *Soltysiak v. UNUM Provident*, File No. 2:01-CV-15 (W.D. Mich. Jan. 4, 2002) (Quist, J.).

In May 2003, Plaintiff submitted a new claim for disability benefits, alleging that his condition had worsened, that he was suffering from severe depression, and that he was totally disabled as of June 2002. UNUM denied Plaintiff's claim for disability benefits by letter dated October 21, 2003. (AR 1837.) Plaintiff's administrative appeal was denied on December 22, 2004. Plaintiff filed this action in federal court on June 20, 2005. (Dkt. No. 1.) By opinion and order dated October 10, 2006, this Court reversed UNUM's denial of benefits and ordered UNUM to conduct a full and fair review of Plaintiff's disability claim. (Dkt. Nos. 23, 24.)

When some eight months had elapsed after the Court reversed UNUM's denial of benefits and UNUM had not yet made a determination on Plaintiff's disability claim, Plaintiff filed a new action, *Soltysiak v. UNUM Provident Corporation*, 2:07-CV-116, seeking an adjudication that he is totally disabled and awarding him damages retroactive to June 2002. The Court consolidated File Nos. 2:05-CV-148 and 2:07-CV-116 because they both addressed UNUM's denial of Plaintiff's May 2003 claim for disability benefits from June 2002 forward. (Dkt. No. 35, 09/25/07 Order.) These consolidated actions are currently before the Court on Plaintiff's motion for judgment on the pleadings and/or summary judgment pursuant to Federal Rule of Civil Procedure 12(c) and/or 56.

## II.

The Court's first consideration is whether this matter is ripe for decision. Plaintiff contends that because UNUM failed to make a decision with respect to Plaintiff's disability claim within the time period specified by the Department of Labor Regulations, the claim is "deemed denied" and is ripe for review. (File No. 2:07-CV-116, Dkt. No. 1, Compl. ¶ 26.) UNUM contends that because this Court's prior order and opinion established no deadlines, and because Plaintiff filed this action before UNUM had obtained all medical records necessary for a full and fair review of Plaintiff's disability claim, the Court should set a traditional schedule for review of the Administrative Record. (File No. 2:05-CV-148, Dkt. No. 36, Def. Br. in Opp. 5-7.)

UNUM's contention that this case is not yet ripe for review because no deadlines were set is without merit. The timeframe within which ERISA plan administrators are required to make benefit determinations is governed by ERISA regulations. It is not dependent on deadlines established by the Court. As this Court noted in its October 10, 2006, opinion, ERISA regulations require plan administrators to make benefit determinations within 60 days, or, if there are special circumstances, within 120 days. 29 C.F.R. § 2560.503-1(i)(1)(i). (Dkt. No. 23, 10/10/2006 Op. 4.) If a plan administrator fails to make a timely benefit determination, a claimant is deemed to have exhausted the administrative remedies and is entitled to pursue his remedies in court. 29 C.F.R. §

2560.503-1(l).[1] *See also Univ. Hosp. of Cleveland v. Emerson Elec. Co.*, 202 F.3d 839, 846 n.3 (6th Cir. 2000) (noting that if a plan administrator fails to timely decide an appeal of a claim denial, the challenged claim is "deemed denied" and the claimant may then bring a civil action to have the merits of his application determined).

When Plaintiff filed his renewed complaint on June 13, 2007, more than 240 days had elapsed from the date the Court reversed UNUM's denial of benefits.  Because UNUM failed to make a timely decision on Plaintiff's claim, Plaintiff was entitled to deem his claim denied and to pursue his remedies in court.

UNUM attempts to excuse its failure to make a timely determination on Plaintiff's claim by noting the difficulties it encountered in obtaining Plaintiff's medical records.[2]  By letter dated December 28, 2006, UNUM requested Plaintiff to complete a medical records

---

[1]The regulation governing the failure to establish and follow reasonable claims procedures provides in full:

> In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

29 C.F.R. § 2560.503-1(l).

[2]UNUM's activities from the time of the Court's order reversing UNUM's previous denial of benefits until Plaintiff filed this suit are documented in Exhibit 1 to UNUM's brief, and are not in dispute.  The Court considers these records to be part of the administrative record.

authorization and to provide a current listing of his treating providers. (Dkt. No. 36, Exh. 1, RPLCL02006.) On January 9, 2007, Plaintiff forwarded to UNUM an updated clinical psychological examination done by Dr. Steven A. Harris. On February 9, 2007, after a second request from UNUM, Plaintiff forwarded to UNUM a blanket medical records authorization form and identified Dr. Kirk Swabash, D.O., as his only treating physician. (*Id.* at 2008-11.) On February 15, 2007, UNUM requested a 30 day extension to gather updated medical information. (*Id.* at 2013.) On March 16, 2007, UNUM requested an additional 30 day extension to gather medical information. (*Id.* at 2038.) A UNUM nurse completed a preliminary clinical review on March 26, 2007, but deferred a prognosis pending receipt of outstanding medical records from Plaintiff's spring 2005 visit to the Mayo Clinic for back pain. (*Id.* at 2047.) On May 10, 2007, Defendant requested Plaintiff to provide information regarding Dr. Soltysiak's medical treatment from the Mayo Clinic. (*Id.* at 2055.) On May 15, 2007, Plaintiff provided the names of the Mayo Clinic doctors which it had previously provided in an April 26, 2007 email, together with a second copy of Plaintiff's authorization form. (*Id.* at 2074.) On June 7, 2007, after UNUM identified the specific clinics at which these doctors worked, UNUM advised Plaintiff that it needed a specific authorization for Mayo Clinic rather than the blanket authorization previously provided. (*Id.* at 2087.) On June 13, 2007, Plaintiff filed this action.

UNUM's reliance on the delay it encountered in obtaining releases for the Mayo Clinic is disingenuous at best. Plaintiff's back problems in 2005 have no bearing on the

5

issue of whether Plaintiff was disabled due to chronic depression and anxiety in June 2002. UNUM's suggestion that it needs these records in order to address Plaintiff's disability claim appears to be no more than a delay tactic, particularly where UNUM did not make any effort during this same time period to address Plaintiff's psychiatric records.

UNUM's contention that this case is not ripe for review because Plaintiff filed this case before it was able to obtain medical records necessary for a full and fair review of Plaintiff's disability claim is similarly without merit. Plaintiff is correct in his contention that the Administrative Record is limited to what existed at the time the claim was "deemed denied." When a claim is deemed denied, a claimant may bring a civil action to have the merits of his application determined, "just as he may bring an action to challenge an outright denial of benefits." *Univ. Hosp. of Cleveland*, 202 F.3d at 846 n.3 (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985)). In adjudicating an ERISA action the court is required to conduct its review "based solely upon the administrative record," which means that the court "may not admit or consider any evidence not presented to the administrator." *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). The effect of a deemed denial is to close the record at the time of the deemed denial. *See Karras v. First Colony Life Ins. Co. Pension Plan*, No.6:03CV0005, 2005 WL 1712878, at *4 (W.D. Va. 2005) (unpublished) (holding that letters that were not before plan administrator at the time the decision was deemed denied were inadmissible); *Sidou v. Unumprovident Corp.*, 245

F. Supp. 2d 207, 220 (D. Me. 2003) ("Here, because the Court deems a denial, it will deem the record closed as of a date contemporaneous with the deemed denial.").

UNUM has submitted, and the Court has considered, records from UNUM's administrative file that reflect administrative activity on Plaintiff's claim from October 10, 2006, the date of this Court's opinion, to June 13, 2007, the date Plaintiff filed his renewed action in federal court. UNUM has not requested leave to supplement the administrative record with any additional materials from this eight-month time period before Plaintiff's claim was deemed denied, and UNUM has no right to supplement the record with materials from after June 13, 2007. This claim is accordingly ripe for review. The review will be made on the administrative record consisting of the administrative record previously filed (Dkt. No. 18), supplemented by the administrative records attached to UNUM's response to Plaintiff's motion (Dkt. No. 36, Exh. 1), and Dr. Harris's report of psychological examination that was provided to UNUM on January 9, 2007, and was attached to Plaintiff's complaint (File No. 2:07-CV-116, Dkt. No. 1, Exh. C).

### III.

The second question for the Court's consideration is what standard of review to apply to UNUM's deemed denial of Plaintiff's claim for disability benefits. This Court previously determined that the Sixth Circuit would apply the arbitrary and capricious standard on review notwithstanding UNUM's failure to exercise its discretion in a timely manner. (10/10/06 Op. 4-5.) Plaintiff contends that UNUM's failure to act in a timely manner on

remand evidences UNUM's lack of respect for both the ERISA regulations and this Court, and provides aggravated circumstances that warrant the application of the *de novo* standard of review.

The Court agrees that the egregious nature of UNUM's consideration of Plaintiff's claim suggests that UNUM should forfeit deferential review. Nevertheless, the Court need not reach a legal determination on this point because, as more fully discussed below, UNUM's actions do not withstand review under even the deferential arbitrary and capricious standard.

### IV.

The Court now turns to the substance of Plaintiff's motion for judgment on the pleadings and/or summary judgment. Through this motion Plaintiff seeks an adjudication that he is fully disabled within the meaning of the Policy and an award of benefits retroactive to June 2002.

Summary judgment is generally not an appropriate mechanism for adjudicating ERISA claims for benefits because the district court is limited to the evidence before the plan administrator at the time of its decision. *Wilkins*, 150 F.3d at 619. The Court will accordingly construe Plaintiff's motion as a motion for judgment on the merits of the administrative record.

UNUM contends that the Court should reject Plaintiff's argument that he be awarded full benefits simply because he has decided that sufficient time has passed within which to

conduct a full and fair review of his claim. According to UNUM, there is nothing in the ERISA regulations or any case law that would support such an elevation of form over substance.

UNUM mischaracterizes Plaintiff's claim. Plaintiff is not requesting the Court to find him disabled simply because UNUM failed to decide his claim in a timely manner. Instead, Plaintiff is requesting the Court to make a disability determination on the basis of the administrative record that is before the Court. This is an appropriate request for relief.

The contents of the original administrative record were discussed in this Court's October 10, 2006, opinion. As the Court noted in that opinion, the evidence from Plaintiff's treating psychiatrist, Dr. Swabash, was as follows:

> Dr. Swabash reported in a letter dated May 7, 2003, that Plaintiff had "deteriorated over the course of the past year to the point where he is clearly unable to function competently as a medical doctor." (AR 1806). Specifically, Dr. Swabash noted that:
>
>> Dr. Soltysiak presents with ongoing sleep disturbances, multiple somatic and physical problems with related feelings of helplessness, hopelessness, worthlessness, uselessness, as well as impatience and anhedonia, social isolation, perfectionism, and ongoing tendency to negatively self-assess. He now wrestles with suicidal thoughts fairly consistently. He is plagued by a sense of guilt, shame, failure and loss related to his inability to function as a physician. He is pathologically indecisive and doubtful, experiences an exceedingly high degree of frustration and a sense that he is not in control of his life. He continues to grapple with excessive levels of anxiety and dysphoria, and is deeply pessimistic about his life and future in general.

> (AR 1806). Dr. Swabash concluded that Plaintiff was "substantially impaired by chronic depression and anxiety" and "completely unable to handle the pressure and responsibility of practicing medicine." *Id*. Dr. Swabash noted that Plaintiff was currently on Lexapro, Clonazepam, and Zanax, and that previous trials of Desipramine and high doses of Sertraline had been discontinued due to suboptimal results. *Id*.
>
> Although Dr. Swabash's letter did not outline Plaintiff's physical problems, his office notes reveal that Plaintiff's physical symptoms included fainting, inability to sleep, irritable bowel syndrome, and gastroesophageal reflux disease. (AR 1712, 1716, 1717, 1806). In his Physician's Questionnaire Dr. Swabash diagnosed Plaintiff with recurrent severe major depression, anxiety disorder not otherwise specified (NOS), and personality disorder NOS. (AR 1698).

(10/10/06 Op. 6-7.)

After Defendant's initial denial of Plaintiff 2003 claim for benefits Plaintiff submitted additional evidence from another psychiatrist, Dr. Crain. This Court described the evidence from Dr. Crain as follows:

> Dr. Crain reported that Plaintiff's condition had worsened since January 2002. (AR 1884). He noted that in the past three months Plaintiff had seven nearly complete syncopal episodes, that he had severe headaches, neck and lower back pain, irritable bowel syndrome with diarrhea, and gastric ulcers that are aggravated by his stress. (AR 1889). He reported that Plaintiff's physical symptoms have increased and that the intervals between panic/anxiety and depression episodes are much shorter. (AR 1892-93). Moreover, they are now triggered by events of everyday life, not just the requirements of working in the medical field. Dr. Crain noted that Plaintiff had been treating for 10 years with a psychiatrist, with no significant beneficial result. Rather, his condition has deteriorated and he is now impaired not only as a physician, but for most work outside of the field. Dr. Crain concluded that Plaintiff meets the definition of total disability for his profession as a physician. (AR 1893).

(*Id.* at 9-10.)

Although UNUM's reviewing doctors, Dr. Shiener and Dr. Caruso, disagreed with the disability findings of Plaintiff's doctors, in the October 10, 2006, opinion this Court rejected the opinions of UNUM's reviewing doctors because their review of Plaintiff's medical evidence was arbitrary and capricious:

> Defendant's reviewing doctors rejected the opinions of Plaintiff's physicians without any up-to-date medical evidence to refute their findings. They made credibility determinations without conducting an independent medical examination. They did not consider how Plaintiff's low self-esteem, depression, panic attacks and anxiety would affect his ability to work with demanding patients, other physicians, and other stresses of his occupation as a physician. Neither did they consider how Plaintiff's medications would affect his ability to practice medicine. *See Smith*, 450 F.3d at 264-65.

(10/10/06 Op. 12-13.)

The Court concluded that UNUM's review of Plaintiff's claim was cursory, conclusive, speculative, and unresponsive to the claims made, and that its denial of disability benefits was not based on substantial evidence. (*Id.* at 13.) Because the Court rejected the opinions of UNUM's reviewing doctors, the medical evidence in the administrative record consisted solely of the medical records Dr. Swabash and Dr. Crain. These records supported a finding that Plaintiff was completely disabled. Nevertheless, the Court, in an abundance of caution, remanded the file to UNUM to give UNUM a second opportunity to challenge Plaintiff's doctors' findings with substantial evidence.

Despite this opportunity, in the eight months after remand UNUM did not schedule an independent medical examination of Plaintiff, nor did it submit Plaintiff's medical records

to another doctor for any further review.  The only thing UNUM accomplished between the time the Court issued its opinion and the filing of this action is a records review by an in-house nurse.  UNUM has not come forward with any new evidence to rebut the opinions of Dr. Swabash and Dr. Crain.

Plaintiff, on the other hand, has submitted the results of an updated psychological examination from Steven A. Harris, Ed.D., a Michigan licensed psychologist. (File No. 2:07-CV-116, Dkt. No. 1, Compl. Ex. C.)  After conducting a comprehensive clinical psychological evaluation and reviewing previous evaluations, Dr. Harris identified "a consistent clinical portrait of a man who suffers from severe and debilitating psychological distress."  (*Id.* at 6.)  Dr. Harris found that despite Plaintiff's appropriate and sufficiently aggressive psychiatric treatment, which included numerous psychotropic medications and outpatient psychotherapy, "his clinical syndromes have persisted on unabatedly."  (*Id.*)

> His depression and anxiety are so intense as to render him dysfunctional in every major aspect of his life, and this certainly includes the vocational sphere.  It is this clinician's opinion that Dr. Soltysiak is not only incapable of practicing as a physician, but his severe pyschological disorder also precludes him from efficiently functioning in any capacity as regards gainful employment.

(*Id.*)

Dr. Harris's determination that Plaintiff is totally disabled from practicing as a physician is consistent with the findings of Dr. Swabash and Dr. Crain.  Although UNUM was in possession of Dr. Harris' evaluation since January 2007, UNUM did not place

anything in the administrative record that would challenge Dr. Harris' findings or that would suggest that Plaintiff is not totally disabled.

The administrative record in this case compels this Court to find that Plaintiff is totally disabled within the terms of his disability policy with UNUM, because he is unable to perform the important duties of his occupation and is under the regular care of a physician. (AR 1950-51.) The Court is also compelled to find that UNUM's denial of disability benefits to Plaintiff was arbitrary and capricious. The Court accordingly reverses UNUM's denial of benefits and awards Plaintiff disability benefits from June 2002 forward. UNUM is directed to begin making monthly disability payments within 30 days of this opinion and to pay Plaintiff his retroactive award within 60 days of this opinion.

An order and judgment consistent with this opinion will be entered.

Date:    January 21, 2008            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE