UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DOUGLAS R. SOLTYSIAK,

      Plaintiff,

                                      File No.  2:05-CV-148

v.                                     File No.  2:07-CV-116

UNUM PROVIDENT CORPORATION,        HON. ROBERT HOLMES BELL

      Defendant.

_____/

## O P I N I O N

       This matter is before the Court on Plaintiff Douglas R. Soltysiak's motion for costs and attorney's fees pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461.

       This Court previously awarded Plaintiff costs and attorney's fees in the amount of $27,436.80 for services rendered in this matter through October 2006.  (Dkt. Nos. 33, 34, 3/27/07 Op. & Order.)  Since that time Plaintiff has incurred additional attorney's fees for work that ultimately resulted in an order reversing Defendant's denial of Plaintiff's claim for disability benefits and a judgment reinstating Plaintiff's monthly disability benefits from June 2002 forward.  (Dkt. Nos. 41, 42, 1/21/08 Op. & Order.)  Plaintiff now seeks reimbursement for attorney's fees and costs incurred since October 2006.

       ERISA provides in pertinent part that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).  In

determining whether to allow a reasonable attorney's fee, the Court considers the following five factors first outlined in *Secretary of Department of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985) (the "*King* factors"):

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Moon v. Unum Provident Corp.*, 461 F.3d 639, 642-43 (6th Cir. 2006) (citing *First Trust Corp. v. Bryant*, 410 F.3d 842, 851 (6th Cir. 2005)).  No single factor is determinative.  *Id.* (citing *Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998)).

   The fourth *King* factor does not weigh in favor of either party because Plaintiff did not seek to confer a common benefit or to resolve significant legal questions.  The remaining *King* factors all weigh in Plaintiff's favor.  First, as noted in the Court's opinion granting Plaintiff's motion for summary judgment, even after this case was remanded for a full and fair review, Defendant engaged in delay tactics and failed to give fair consideration to Plaintiff's claim.  (Dkt. No. 41, 1/21/08 Op. 4-6.)  Second, Defendant's ability to satisfy an award of attorney's fees is not in dispute.  Third, an award of attorney's fees could have a deterrent effect on Defendant and on other plans from engaging in dilatory and cursory claim reviews.  Finally, in light of the Court's finding that Defendant's decision was arbitrary and capricious, Plaintiff's position is clearly stronger than Defendant's.  The Court

is satisfied that the *King* factors overwhelmingly weigh in favor of an award of attorney's fees.

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)).   The starting point for determining a reasonable fee is the "lodestar" calculation. *Jordan v. City of Cleveland*, 464 F.3d 584, 602 (6th Cir. 2006).   The party seeking attorney's fees bears the burden of documenting his entitlement to the award with "evidence supporting the hours worked and rates claimed." *Reed,* 179 F.3d at 472 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

In support of his request for attorney's fees Plaintiff has presented the affidavits and time records of his attorneys, Troy W. Haney and Michael E. Quiat, which reflect 36 hours of work by Mr. Haney, 24.28 hours of work by Mr. Quiat, and 14.17 hours of work by Mr. Quiat's paralegal.

Defendant objects to the hours claimed on the basis that they are excessive. Defendant notes that although the Plaintiff filed only eleven pages of briefs and pleadings and made only one court appearance, Plaintiff's attorneys are claiming almost as many hours as they claimed in the first phase of this litigation where they fully briefed the merits of the administrative review and litigated the action on the merits.   Defendant also objects to the

3

hours claimed because some of Mr. Quiat's entries appear to reflect activity involved in bankruptcy matters unrelated to this suit.

After reviewing the time records the Court agrees that the entries reflecting bankruptcy matters should be excluded.  The Court will accordingly subtract 1.33 hours from Mr. Quiat's time and 2.5 hours from his paralegal's time.  Other than these entries it appears that the hours claimed are adequately documented and reflect time reasonably expended.  Even though the briefing in this Court was not extensive, the hours reflect time reasonably expended in following this case through the administrative process after this Court's remand.  Accordingly, the Court will allow 58.95 attorney hours and 11.67 paralegal hours.

The next step in calculating a reasonable attorney's fee is to determine a reasonable hourly rate.  "[H]ourly rates for fee awards should not exceed the market rates necessary to encourage competent lawyers to undertake the representation in question."  *Reed*, 179 F.3d at 472 (quoting *Coulter v. State of Tenn.*, 805 F.2d 146, 149 (6th Cir. 1986)).

Plaintiff has requested compensation at the rate of $350 per hour for counsel and $125 per hour for their paralegal which Plaintiff contends is the reasonable and customary rate for attorneys practicing in the specialized area of ERISA law.  (Dkt. No. 45, Haney Aff. ¶ 8; Dkt. No. 46, Quiat Aff. ¶ 6.)  On Plaintiff's previous request for attorney's fees this Court rejected a similar rate request and authorized fees at the rates of $280 per hour for the attorneys and $100 per hour for the paralegal. (Dkt. No. 33, 3/27/07 Op. 9.)  Plaintiff has

not suggested any basis for altering this previous determination other than the Court's approval of the higher rates in *Crider v. Highmark Life Insurance Company*, Case No. 1:05-CV-660. (Haney Aff. ¶ 8.) The *Crider* attorney-fee order, however, has been vacated. Case No. 1:05-CV-660 (Dkt. No. 45, Order Vacating J. and Dismissing Case). The Court accordingly finds no basis for modifying its previous determination that a reasonable hourly rate is $280 for the attorneys and $100 for the paralegal.

Defendant does not object to Plaintiff's request for costs in the amount of $350. Accordingly,

The Court will enter an order granting costs in the amount of $350.00 and fees in the amount of $17,673.00 (58.95 hours at $280 per hour and 11.67 hours at $100 per hour), for a total award of costs and fees in the amount of $18,023.00. The costs and fees covered by this order are in addition to the costs and fees awarded in the March 27, 2007, Order. (Dkt. No. 34.)

An order consistent with this opinion will be entered.


Date:  September 15, 2008          /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   UNITED STATES DISTRICT JUDGE